IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No.  4:23-CR-138-O |
| DEMONDE LOWELL BENNETT (01) | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Demonde Lowell Bennett (the defendant), the defendant's attorney, and the United States of America (the government), agree as follows:

1.    **Rights of the Defendant**:    The defendant understands that the defendant has the right:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have the defendant's guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:    The defendant waives these rights, waives any defenses based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 1708, possession of stolen mail.    The defendant understands the nature and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3.   **Sentence**:   The penalties the Court can impose are as follows:

    a.   imprisonment for a period not more than five (5) years;

    b.   a fine not to exceed $250,000, or both a fine and imprisonment;

    c.   a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.   a mandatory special assessment of $100;

    e.   restitution to any victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not only the offense of conviction;

    f.   forfeiture; and

    g.   costs of incarceration and supervision.

4.   **Court's sentencing discretion and role of the Guidelines:**   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected.   The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**:   The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.     **Restitution:**   The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense of conviction and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless of whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range.   The defendant further agrees that restitution for relevant conduct shall include all losses related to the stolen mail scheme that he executed between approximately in or before January 2023 and March 27, 2023, even if the scheme does not qualify as relevant conduct under USSG § 1B1.3(a)(1)(A) and (1)(B).   The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability.   The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

7.    **Financial Obligations**:    The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately.   In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.   The defendant further agrees as follows:

    a.   The defendant shall submit an accurate and complete personal financial statement under oath on demand by the USPO, the Court, or the government, which statement shall include all requested support documents and may be shared between and among the government and the USPO as needed for collection of any financial obligations.

    b.   The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

    c.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    d.   The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

8.    **Forfeiture of property**:   The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United

States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property

9. **Defendant's testimony**: The defendant is not obligated by this agreement to testify in any criminal proceeding related to this case, nor is the defendant required to provide testimony concerning any other criminal offenses about which the defendant has knowledge. If the defendant chooses to do so, however, the defendant's testimony must be complete and truthful. Incomplete or dishonest testimony will constitute a breach of this agreement.

10. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, at sentencing, any remaining counts in the pending Indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other

federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

11.    **Violation of agreement**:    The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.    In such event, the defendant waives any objections based upon delay in prosecution.    If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

12.    **Voluntary plea**:    This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.    There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.    **Waiver of right to appeal or otherwise challenge sentence**:    The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution of forfeiture in an amount to be determined by the district court.    The defendant further waives the defendant's right to contest the defendant's conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.    The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment,

or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

14.     **Representation of counsel**:   The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation.   The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement.   Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15.     **Entirety of agreement**:     This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.

16.     No promises or representations have been made by the United States except as set forth in writing in this plea agreement.


AGREED TO AND SIGNED this ___10th___ day of ___July___, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

MARK L. NICHOLS
Assistant United States Attorney
Texas Bar No. 14997700
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, TX   76102-6897
Telephone:   817-252-5200
Facsimile:   817-252-5455
Email: mark.nichols@usdoj.gov


ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.


_____                    ot-os- 7/5/2023
DEMONDE LOWELL BENNETT                     Date
Defendant

    I am the defendant's attorney.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.


_____                    07--25-23
NICHOLAS TOUFEXIS                          Date
Attorney for Defendant